UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY H. BRANDT,

    Plaintiff,

v.

TODD COLEMAN, *et al.*,

    Defendants.

Case No. C07-5307 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
December 21, 2007**

Before the Court is Defendants' motion for summary judgment. (Dkt. # 12). Defendants seek summary dismissal of Plaintiff's claims on the grounds that Plaintiff has failed to file his action within the statute of limitations applicable to his civil rights claim. Plaintiff alleges that Defendants violated his Eighth Amendment rights when they forced him to work with hazardous materials without adequate protection. (Dkt. # 4).

Having carefully reviewed the motion, Plaintiff's response (Dkt. # 17), Defendants' reply (Dkt. # 18), and balance of the record, the undersigned recommends that Defendants' motion should be granted on the grounds that Plaintiff's claims are time barred.

## I. STATEMENT OF FACTS

The following facts are not in dispute:

REPORT AND RECOMMENDATION- 1

Plaintiff complains of conduct by Defendants which occurred while he was incarcerated at Stafford Creek Corrections Center (SCCC) between June 26, 2003 and July 14, 2003. (Dkt. # 4, p. 3). Plaintiff alleges that he was made to work with fiberglass insulation while incarcerated at SCCC. (*Id.*, p. 3). Plaintiff alleges that after working with the insulation for several weeks, he saw a product warning label indicating that a specific government certified respirator was required to guard against inhalation of the product. (*Id.*). After SCCC employees refused Plaintiff's request to use a respirator while he was working with the fiberglass product, Plaintiff alleges that he filed an emergency grievance, hoping to bring an immediate halt to his exposure to the hazard. (*Id.*).

Plaintiff signed his Complaint on June 13, 2007. (*Id.*, p. 4). Plaintiff filed his Complaint on June 19, 2007. (*Id.*).

## II. DISCUSSION

**A.    Standard of Review**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual

REPORT AND RECOMMENDATION- 2

dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

**B.      Plaintiff's Claims Are Barred by The Statute of Limitations**

**1.      Washington's Three-Year Statute of Limitation**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981). The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Plaintiff's complaint reveals that he had actual notice of the facts giving rise to a claim in sufficient time to commence an action before the expiration of the three year statute of limitations. Plaintiff alleges that the events for which he brought his lawsuit "occurred between 06/26/03 and 07/14/03." (Dkt. # 4, p. 3). Plaintiff further alleges that he was aware of the alleged wrongful exposure of the health hazard only days after he began working with the fiberglass product. (*Id*.).

REPORT AND RECOMMENDATION- 3

Plaintiff did not file his lawsuit until June 19, 2007. (Dkt. # 4). Thus, viewing the facts in the light most favorable to Plaintiff, Plaintiff's claims are barred by the statute of limitations. Plaintiff argues, however, that the statute of limitations should be equitably tolled.

### 2. Tolling The Statute of Limitations

In § 1983 actions, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws are inconsistent with federal law. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); see also *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980).

The doctrine of equitable tolling prevents a defendant from asserting the statute of limitations when a defendant's actions have fraudulently, deceptively or in bad faith induced plaintiff to delay commencing suit until the applicable statute of limitations has expired. *Del Guzzi Constr. Co., Inc. v. Global Northwest Ltd., Inc.*, 719 P.2d 120 (1986). For the doctrine of equitable tolling to be applicable, a defendant must have actively concealed or misrepresented facts, or otherwise interposed a hindrance or impediment that prevented plaintiff from discovering or suing on the claim. *Wood v. Gibbons*, 685 P.2d 619, *review denied*, 103 Wn.2d 1009 (1984). In addition, a defendant is not equitably estopped from raising a statute of limitations defense when the plaintiff had actual notice of the facts giving rise to a claim in sufficient time for the plaintiff to commence an action before the expiration of the statute period. *Helgeson v. City of Marysville*, 881 P.2d 1042 (1994).

Plaintiff argues that equitable tolling applies here. Plaintiff states that this case is part of a case he originally brought in Thurston County Superior Court that was dismissed on April 14, 2006. (Dkt. # 17, p. 2, Attach. A, p. 1). Plaintiff states that his inability to continue prosecution of his

REPORT AND RECOMMENDATION- 4

state court action was due to his release from prison and resulting homelessness. (*Id*., p. 2). Plaintiff states that although he sued only the State of Washington, his state court action was later amended to include "most but not all of the defendants named in this complaint." (Dkt. # 17, p. 2). Attached to Plaintiff's response is an unsigned, undated document entitled "Motion to Amend" in Plaintiff's state court case. (*Id*., Attach. A, pp. 9-10). Plaintiff provides no evidence of whether this motion was ever filed or acted upon by the state court.

Accepting all of Plaintiff's factual allegations as true, equitable tolling does not apply to the facts of this case. "When an original action is dismissed, a statute of limitations is deemed to continue as though the action had never been brought." *Logan v. Northwest Insurance Co.*, 45 Wn.App. 95, 99, 724 P.2d 1059 (1986); *Steinberg v. Seattle First National Bank*, 66 Wn.App. 402, 406, 832 P.2d 124 (1992). In addition, Plaintiff offers no explanation of why he did not seek a remedy in the state court, the only court with jurisdiction to provide a remedy from the dismissal of his lawsuit. Plaintiff also offers no reasonable explanation for the waiting over a year from the time his state lawsuit was dismissed in April of 2006 until bringing this action in June of 2007.

For the foregoing reasons, the undersigned recommends that Plaintiff's claims be dismissed with prejudice as they are barred by Washington's three-year statute of limitations.

**C.     Plaintiff's Motion to Amend**

In response to the motion for summary judgment, Plaintiff requested leave to amend his complaint in order to correct any deficiencies in his original complaint. (Dkt. # 16, Attach. 1 (proposed Amended Complaint). However, Plaintiff's proposed Amended Complaint suffers from the same deficiencies as his original Complaint. Plaintiff alleges that the events occurred between "6/26/03 and 7/14/03." (*Id*., p. 5). As these events stem from the same factual basis as those alleged in his original Complaint, they are barred for the same reasons.

REPORT AND RECOMMENDATION- 5

### III. CONCLUSION

For the reasons stated above the Court should **GRANT** Defendants' motion for summary judgment and **dismiss** Plaintiff's claims **with prejudice**. Additionally, Plaintiff's motion to amend (Dkt. # 16) should be **DENIED**. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 21, 2007,** as noted in the caption.

DATED this  20th  day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6